THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN ANTHONY THORNTON,<br><br>                Plaintiff,<br>    v.<br><br>HILTON WORLDWIDE HOLDINGS, INC., *et al.,*<br><br>                Defendants. | CASE NO. C21-1483-JCC<br><br>ORDER |

       This matter comes before the Court on Defendants' motion to compel arbitration and dismiss (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

       Plaintiff Brian Thornton filed this Fair Labor Standards Act ("FLSA") action alleging that Defendants Protek Consulting, LLC ("Protek"), Hilton Worldwide Holdings, Inc. ("Hilton"), Hilton employee Philip Black, and 2020 I. T. Services, Inc. ("IT Services," and with Protek, Hilton, and Black, "Defendants") wrongfully withheld $249,600 in wages. (Dkt. No. 4 at 5–6.) In moving to compel arbitration and dismiss, Defendants assert that Plaintiff's sole employment relationship was with Protek and that Protek's W2 Hourly Employment Agreement ("Agreement"), signed by Plaintiff, requires arbitration of his FLSA claims. (*See* Dkt. No. 12 at 2; *see also* Dkt. No. 13–1 at 2 (agreement requiring "mandatory and binding arbitration" for "any

. . . claim or controversy" other than those involving the agreement's conflict, non-disclosure, and non-compete provisions).) Plaintiff has not filed papers opposing Defendants' motion.

This Court "ha[s] an obligation to give a liberal construction to the filings of *pro se* litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). However, *pro se* litigants must "follow the same rules of procedure that govern other litigants." *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citation and internal quotations omitted). And under this Court's Local Rules, litigants opposing a motion must file papers within the time prescribed. LCR 7(d). A failure to do so amounts to an admission that the motion has merits. LCR 7(b)(2).

Because Plaintiff failed to file papers opposing Defendants' motion, the Court concludes that the motion has merit. The Court, therefore, finds that Plaintiff has no contractual or employment relationship with any of the Defendants other than Protek, that the Agreement's arbitration provision is valid, and that it encompasses the dispute at issue. Accordingly, the Court GRANTS Defendants' motion (Dkt. No. 12) and ORDERS Plaintiff's complaint dismissed without prejudice. The Clerk is DIRECTED to close this case.

DATED this 7th day of February 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE